UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SHAWN MAHER,

Plaintiff,

v.

FEDERAL COLLECTION UNION,

Defendant.

CIVIL NO. 00-1065 (DSD/JMM)

REPORT AND RECOMMENDATION

The above matter came on for hearing before the undersigned on April 19, 2001 upon Plaintiff's Motion to Enforce the Settlement Agreement [Docket No. 14]. Thomas Lyons, Jr., Esq. appeared on behalf of Plaintiffs; Owen Reed Humphreys, Esq. was present solely in connection with his Motion to Withdraw as Counsel for Defendants.[1] The matter is before the undersigned Magistrate Judge for a Report and Recommendation to the District Court pursuant to the provisions of 28 U.S.C. §636 (b)(1)(B).

Upon the following Findings of Fact/Report, it is recommended that Plaintiff's Motion to Enforce the Settlement Agreement [Docket No. 14] be granted.

**FINDINGS OF FACT/REPORT**

Defendant did not file any opposing papers in response to Plaintiff's Motion. In failing to oppose Plaintiff's Motion, Defendant has effectively acquiesced to the facts stated and relief requested by Plaintiff. See Local Rule 7.1(d)(where party fails to respond to motion, Court may proceed in such manner as it deems appropriate).

Some time before January 31, 2001, the parties in this action reached an agreement to settle the case. The agreement was reached between counsel for Plaintiff

---

[1] The Court has ruled on Mr. Humphreys' Motion in a separate Order.

FILED MAY 21 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(Mr. Lyons) and in-house counsel for Defendant (Joel Glaser, Esq.). Mr. Glaser agreed that Defendant would pay Plaintiff the sum of $8,500.00 in return for Plaintiff agreeing to dismiss the Complaint with prejudice.

A written Settlement Agreement, which provided that payment was to be made upon execution by both parties, was drafted by Mr. Glaser and faxed to Mr. Lyons on January 31, 2001. The Settlement Agreement was signed on or before February 5, 2001 by Plaintiff and by Defendant's local counsel (Mr. Humphreys). Mr. Lyons sent a signed original of the Settlement Agreement to Mr. Glaser on February 12, 2001. To date, Defendant has not made any payment to Plaintiff.

"The district court has inherent power to enforce a settlement agreement as a matter of law when the terms are unambiguous." Barry v. Barry, 172 F.3d 1011, 1013 (8th Cir. 1999)(citation omitted). A party who agrees to a settlement is bound by the terms agreed to, even if he later changes his mind. See Worthy v. McKesson Corp., 756 F.2d 1370, 1373 (8th Cir. 1985).

In this case, the parties have an unambiguous, signed agreement. Defendant agreed to pay Plaintiff $8,500.00 in exchange for Plaintiff agreeing to dismiss his case with prejudice. Defendant has not suggested to the Court that it is not liable to Plaintiff for this amount. The Settlement Agreement should be enforced.

We have denied Mr. Humphreys' Motion to Withdraw as counsel for Defendant. See Local Rule 83.7(c). Were we to grant his Motion to Withdraw, it would further complicate the conduct of proceedings in this matter. The record as to the settlement agreement is clear. We noted on the record the conclusion that the Motion to Enforce the Settlement Agreement would be granted. We have afforded to Defendant an

opportunity to pay the settlement without further judicial process. Local counsel for Defendant (Mr. Humphreys) advises that he is unable to communicate with Defendant, or with Mr. Glaser, its in-house counsel. We are troubled by Defendant's apparent deliberate refusal to pay an agreed upon settlement sum. We have provided for interest to be paid, and recommend also that the Court retain jurisdiction to permit application for additional relief should Defendant and/or its attorney continue to fail to abide by the terms of the agreement which they have themselves proposed.

## RECOMMENDATION

For the reasons set forth above, it is recommended as follows:

1. Plaintiff's Motion to Enforce the Settlement Agreement [Docket No. 14] should be granted. Defendant should be ordered to pay the settlement amount of $8,500.00 to Plaintiff, with interest at the rate of 8% per annum commencing January 31, 2001.

2. Plaintiff's Motion should be granted without prejudice to the right of Plaintiff to apply to the Court for further relief against Defendant, and its attorney, in the event Defendant fails to comply with the Court's Order by July 1, 2001

Dated: May 21, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **June 5, 2001** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **June 5, 2001**.